## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**Sam Uland,**

      Plaintiff,

v.

**City of Winsted,**
**Brent Mareck,**

      Defendants.

**Civil No. 08-2 (JNE/JJG)**


**REPORT**
**AND**
**RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

      The above-entitled matter came to this Court for a hearing on June 19, 2008 on plaintiff Sam Uland's motion for summary judgment (Doc. No. 6) and the defendants' motion to dismiss (Doc. No. 32). Mr. Uland (Uland) appeared on his own behalf. John M. Lefevre, Esq., appeared on behalf of the defendants. The motions are referred for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(b).

### A.    Background

      Uland brings this action against the City of Winsted (the City) and its City Administrator, Brent Mareck. The underlying dispute involves efforts by the City to compel Uland to repair a building. Uland alleges that, when the defendants did so, they were discriminating against him on the basis of his race, religion, and national origin.

      Uland moves for summary judgment and equitable relief, asking for an award of damages and a decree enjoining the defendants from interfering with his property. The defendants bring a motion to dismiss, for lack of subject matter jurisdiction and for failure to state a claim. Because

the defendants' motion to dismiss is controlling, the following discussion chiefly focuses on that motion.

**B.      Subject Matter Jurisdiction**

On subject matter jurisdiction, the defendants' arguments may be framed into three areas. One is that this federal litigation improperly interferes with a current misdemeanor prosecution, in state court, against Uland for property violations.  Another is that subject matter jurisdiction is lacking because Uland does not assert a basis for jurisdiction in his complaint.  The defendants also imply a third argument, that the allegations in the complaint are so deficient there can be no exercise of subject matter jurisdiction.

Pursuant to Rule 12(b)(1), when examining a motion to dismiss for lack of subject matter jurisdiction, a court examines whether it has authority to decide the claims in the complaint.  If a defendant makes a facial attack against subject matter jurisdiction, then the court only considers the allegations in the complaint, deciding whether jurisdiction exists as a matter of law.  *See BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir. 2002).

**1.      *Younger* Abstention**

Regarding undue interference with criminal proceedings in state courts, the defendants rely on two decisions from the U.S. Supreme Court:  *Younger v. Harris*, 401 U.S. 37 (1971) and *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982).  The earlier case gave its name to the *Younger* abstention doctrine, which the Court discussed at some length in *Middlesex*, and so the defendants invoke *Younger* abstention here.

At the outset, this Court notes that abstention does not involve subject matter jurisdiction. In an abstention analysis, the issue is not whether a court has jurisdiction, but instead whether it is appropriate for a court to decline jurisdiction.

The *Younger* abstention doctrine provides that a federal court should decline jurisdiction over suits for equitable relief that unnecessarily interfere with state court proceedings. To assess whether there is such interference, a federal court considers whether (1) there is an existing state court proceeding; (2) the proceeding implicates important state interests; and (3) the proceeding offers an opportunity to raise federal constitutional objections. *Cormack v. Settle-Beshears*, 474 F.3d 528, 523 (8th Cir. 2007); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).

There is some reason to conclude that *Younger* abstention may be appropriate here. The record shows there is an ongoing misdemeanor prosecution against Uland in state court, and that this prosecution involves land use, an issue that traditionally implicates important state interests. *See, e.g., Aaron v. Target Corp.*, 357 F.3d 768, 777 (8th Cir. 2004). And state courts are usually expected to provide a suitable forum for federal constitutional objections. *See Middlesex County Ethics Cmte.*, 457 U.S. at 432; *Norwood*, 409 F.3d at 904.

Assuming that *Younger* abstention does apply, however, dismissal is not necessarily the remedy. The doctrine only governs suits for equitable relief—cases where a federal decree may interfere with the authority of state courts—not actions at law for damages. So where a plaintiff seeks both legal and equitable remedies, a federal court cannot decline jurisdiction over the legal claims. If *Younger* abstention is exercised under these circumstances, the appropriate remedy is to stay the federal proceeding until the state proceeding is resolved. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999).

In this litigation, Uland seeks both damages and equitable relief. If *Younger* abstention is applied, the proper remedy is a stay rather than dismissal. For this reason, the defendants cannot obtain dismissal under the *Younger* abstention doctrine.

## 2.        Failure to Assert Basis for Subject Matter Jurisdiction

The defendants further argue that, because Uland does not assert a legal basis for subject matter jurisdiction in his complaint, there is no subject matter jurisdiction here.

The underlying principle here is that, when a plaintiff is proceeding pro se, the complaint is liberally construed.  Where a pro se plaintiff fails to state a basis for subject matter jurisdiction in the complaint, but the complaint elsewhere refers to federal law, subject matter jurisdiction can be inferred from the existence of a federal question.  *Schmid v. United Broth. of Carpenters & Joiners*, 773 F.2d 993, 995 (8th Cir. 1985); *Jensen v. Schweiker*, 709 F.2d 1227, 1229 (8th Cir. 1983); *Carter v. St. Louis Airport Officials*, 50 F.3d 12, 1995 WL 127859 at *1 (8th Cir. Mar. 27, 1995) (mem.).  And where state law claims involve the same facts as a federal question, the state claims are within supplemental jurisdiction of the court.  28 U.S.C. § 1367(a); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

In his complaint, Uland does not state a basis for subject matter jurisdiction.  But he does assert violations of due process and equal protection.  Consistent with the liberal construction of pro se complaints, it is appropriate to infer that Uland is referring to the U.S. Constitution and thus seeks relief under federal law.  His state law claims accordingly fall under the supplemental jurisdiction of the court, and therefore, subject matter jurisdiction is satisfied.

## 3.        Insufficient Allegations as Bar to Exercise of Subject Matter Jurisdiction

The defendants separately imply that the allegations in the complaint are so deficient that there is no subject matter jurisdiction here.  Though the defendants offer no authorities to support their position, they arguably invoke the U.S. Supreme Court decision of *Bell v. Hood*.  327 U.S. 678 (1946).  It stands for the rule that, where the factual basis for a claim is "wholly insubstantial and frivolous," there is no subject matter jurisdiction.  The rule is rarely applied, but it remains

good law.  *See Ali v. Ramsdell*, 423 F.3d 810, 813 (8th Cir. 2005); *McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997).

As *Bell* indicates, the focus is not on the adequacy of the allegations, but on whether the claim is frivolous.  Uland alleges that, when the defendants took action to compel him to repair his building, they were discriminating against him due to his race, religion, and national origin. This Court concludes that these claims are not wholly frivolous, and therefore, the allegations in the complaint are sufficient to support subject matter jurisdiction.

**C.      Failure to State a Claim**

The defendants also move to dismiss for failure to state a claim.  Under Rule 12(b)(6), a defendant may seek dismissal where the allegations in the complaint are so deficient that they provide no cause for relief.  *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).  When considering this question, a court is ordinarily limited to the complaint, with all reasonable inferences taken for the plaintiff.  *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**1.      Section 1983**

Uland asserts several violations of due process, including obstruction of justice, and of equal protection.  He describes three incidents involving the defendants, where they allegedly did not allow him a hearing before a hearing officer; where they failed to prosecute a neighbor for dumping refuse on his property; and where they arbitrarily prosecuted him for keeping legitimate building materials on his property.  As Uland contends that these incidents are constitutional violations, they are properly treated as claims under 42 U.S.C. § 1983.  *See Johnson v. Stark*, 717 F.2d 1550, 1551 (8th Cir. 1983).

To state a claim against a municipality under § 1983, the complaint must allege that the violation occurred pursuant to a custom or practice, or an official policy, by that municipality. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998); *Haberthur v. City of Raymore*, 119 F.3d 720, 723 (8th Cir. 1997). Because Uland makes no such allegations against the City in his complaint, the § 1983 claims against the City fail.

This outcome also affects the § 1983 claim against Mr. Mareck (Mareck). Where a claim is brought against a municipal official under § 1983, the plaintiff must allege whether the claim proceeds against that person in an individual or an official capacity. If no capacity is stated, the claim is deemed to be against the person in an official capacity, which in turn means that the suit is one against the employing municipality. *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007); *Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004).

In his complaint, Uland does not specify whether he is suing Mareck in an individual or an official capacity. The claim against Mareck must be deemed an official-capacity claim, which instead proceeds against the City. The § 1983 claim against Mareck, therefore, fails for the same reason that the claim against the City does. *See Bankhead*, 360 F.3d at 844; *Zar v. South Dakota Bd. of Examiners of Psychologists*, 976 F.2d 459, 464 (8th Cir. 1992).

Assuming that Uland asserts an individual-capacity claim against Mareck, however, the outcome is no different. To state an individual-capacity claim, the plaintiff must allege how the defendant was involved in, or responsible for, a violation of constitutional rights. *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1370 (8th Cir. 1996). But in the complaint, Uland does not allege how Mareck was involved in any constitutional violations. For that matter, aside from the caption, the complaint does not mention Mareck whatsoever. In these circumstances, no § 1983 claim is stated against Mareck.

2.      **"Interference with Use and Enjoyment of Property"**

One of the counts in Uland's complaint is titled "interference with use and enjoyment of property." There is evidently no civil cause of action with this name, but being mindful of the liberal construction of pro se complaints, this Court will briefly examine whether Uland intends to invoke other civil actions where use and enjoyment of property are involved.

One possibility is nuisance, where a defendant intentionally interferes with the plaintiff's right to use and enjoy property. The interference must arise, however, out of how the defendant uses nearby property. *See Gunderson v. Anderson*, 251 N.W. 515, 517-18 (Minn. 1933). Uland implies that, because he devotes the time and energy to defending against enforcement actions by the City, he cannot use or enjoy his property. Because this theory of interference does not arise out of the use of nearby property, it cannot support a claim for nuisance.

Another possibility is de facto taking. Where a governmental entity does not expressly exercise its eminent domain powers, yet substantially interferes with the use or enjoyment of property, this interference may be treated as a taking that entitles the owner to just compensation. To establish substantial interference in this context, the owner must allege that the entity entered or appropriated the owner's property. *See Brooks Investment Co. v. City of Bloomington*, 232 N.W.2d 911, 918-19 (Minn. 1975). Because Uland does not allege that the defendants entered or appropriated his property, this claim fails as well.

No other cause of action is apparent. For this reason, and consistent with the preceding analysis, this count is appropriately dismissed for failure to state a claim.

3.      **Mail Fraud**

In his complaint, Uland has one remaining count, for mail fraud. He contends that, when the defendants commenced a misdemeanor prosecution against him, they intentionally mailed the

summons to the wrong address.  Because Uland did not receive the summons, he failed to appear in court and a bench warrant issued, ultimately leading to his arrest.

At the outset, this Court notes that there is no independent cause of action for mail fraud. But a plaintiff may bring a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) that is founded on a theory of mail fraud.  18 U.S.C. § 1964(c); *see also Demerath Land Co. v. Sparr*, 48 F.3d 353, 355 (8th Cir. 1995).  Again being mindful of the liberal construction afforded to a pro se complaint, this Court will assume that Uland intends his claim to proceed in this way.

When a plaintiff brings a RICO claim founded on mail fraud, the facts of the fraud must be stated with particularity under Rule 9(b).  As a result, the plaintiff must allege the time, place, and contents of the fraudulent representation, as well as the identity of the persons who made the representation and what was obtained or lost.  *Murr Plumbing, Inc. v. Scherer Bros. Financial Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995).  Because many of these details are omitted from the complaint, there are not sufficient allegations to establish a theory of mail fraud.

Furthermore, for a claim under RICO, the plaintiff must allege a pattern of racketeering activity.  To do so, there must be at least two independent transactions that involved wrongdoing. 18 U.S.C. §§ 1961(5), 1962(c).  So even if Uland alleges an act of mail fraud, he only alleges a single act, which does not meet the requirements of RICO.  His mail fraud claim, therefore, may be dismissed for this reason as well.  *See Thornton v. First State Bank*, 4 F.3d 650, 652 (8th Cir. 1993); *Lane v. Peterson*, 899 F.2d 737, 744-45 (8th Cir. 1990).

**D.     Conclusion and Recommendation**

Because Uland brings claims based on a question of federal law, there is subject matter jurisdiction over the claims in the complaint.  Assuming that *Younger* abstention is appropriate, it

does not affect subject matter jurisdiction. And the proper remedy, should abstention occur here, is a stay rather than dismissal. Turning to the merits, the allegations in the complaint fall short of stating a claim, and this Court concludes that dismissal is appropriate for this reason. Consistent with this result, Uland's motion for summary judgment, and his other motions for various forms of sanctions and equitable relief, are properly denied.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.    Uland's motion for summary judgment (Doc. No. 6) be **DENIED.**

2.    Uland's motions for sanctions and equitable relief (Doc. Nos. 8, 11) be **DENIED.**

3.    The defendants' motion to dismiss (Doc. No. 32) be **GRANTED.**

4.    All claims in the complaint be **DISMISSED WITH PREJUDICE.**

5.    This matter be dismissed in its entirety and judgment entered.

Dated this 2nd day of July, 2008.                    /s    *Jeanne J. Graham*

_____
JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 17, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.